# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLEN S. HEUSNER,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:14-cv-01119-RFB-GWF

**ORDER**

The court dismissed this action for non-payment of the filing fee. The court then denied petitioner's first motion for reconsideration (#8) because, even though petitioner argued that he had paid the fee, the court had no record of receiving any payment. The court noted that petitioner could renew his motion if he could obtain proof of payment. Petitioner has returned with a new motion for reconsideration (#10), with a copy of a cancelled check payable to the court. The court will grant petitioner's motion and reopen this action.

The court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review that challenges the judgment does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

After a jury trial in state district court, petitioner was convicted of burglary with the use of a deadly weapon, first-degree murder with the use of a deadly weapon, and arson. The state district court entered judgment of conviction on June 18, 2008. Petitioner appealed, and the Nevada Supreme Court affirmed on May 3, 2010. For the purposes of § 2244(d)(1), the judgment became final on August 2,

2010, taking into account that the deadline for filing a petition for a writ of certiorari otherwise would have occurred on a Sunday.

Three hundred four (304) days later, petitioner filed a post-conviction habeas corpus petition in state district court on June 2, 2011. The state district court denied the petition on October 25, 2012. Petitioner appealed, and the Nevada Supreme Court affirmed on November 14, 2013.[1] Remittitur issued on December 12, 2013.

Two hundred one (201) days later, petitioner mailed his federal habeas corpus petition to this court on July 1, 2014.

On its face the petition is untimely. A total of five hundred five (505) non-tolled days passed between the finality of the judgment of conviction and the effective commencement of this action. Petitioner will need to show cause why the court should not dismiss this action as untimely.

Petitioner has pursued another state habeas corpus petition that is not relevant to the court's calculations. The court takes judicial notice of the on-line dockets of the Eighth Judicial District Court of the State of Nevada in State v. Heusner, Case No. 07C235876,[2] and of the Nevada Supreme Court in Heusner v. Warden, Case No. 65511.[3] On February 19, 2014, petitioner filed a habeas corpus petition that challenged a prison disciplinary proceeding. The state district court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed on July 22, 2014. Remittitur issued on August 20, 2014. This petition does not toll the federal one-year period because it did not challenge the same judgment of conviction that petitioner challenges in the current action. See 28 U.S.C. § 2244(d)(2). Petitioner correctly did not mention this state petition. The court makes a note of it simply to avoid possible confusion in the future.

---

[1] On page 1 of the petition, petitioner used the date that the state district court denied the petition as the date that the Nevada Supreme Court decided the appeal. The court uses the correct date.

[2] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7546337 (last visited June 30, 2015).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33704 (last visited June 30, 2015).

Petitioner filed a motion for appointment of counsel (#2) and an associated motion for an evidentiary hearing (#3). The court's dismissal of the action for non-payment of the filing fee took these motions off the calendar. Now that the court has reinstated the action, it will consider these motions. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted and that an evidentiary hearing on the motion for appointment of counsel is unnecessary.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (#10) is **GRANTED**. This action is **REINSTATED**.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (#2) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for evidentiary hearing (#3) is **DENIED**.

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (60) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

///
///
///
///

1    IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy
2 of the petition and this order.  Respondents' counsel shall enter a notice of appearance herein within
3 twenty (20) days of entry of this order, but no further response shall be required from respondents until
4 further order of the court.
5    DATED: July 20, 2015.

_____
RICHARD F. BOULWARE, II
United States District Judge