# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLEN S. HEUSNER,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:14-cv-01119-RFB-GWF

**ORDER**

The court directed petitioner to show cause why this action should not be dismissed as untimely. Order (ECF No. 13). Petitioner has filed a reply (ECF No. 16). The court is satisfied that petitioner has shown cause, and the court will not dismiss the action.

Petitioner's state post-conviction counsel gave bad advice to petitioner. He wrote:

> Regarding the Federal Habeas Corpus procedure, which is what you asked questions about in your letter to me, please understand that you still have a lot of time between now and your deadline. The one year clock started on NOVEMBER 14[,] 2013, which is the day the Nevada Supreme Court filed the decision attached. That means your deadline for filing your federal post-conviction petition is NOVEMBER 13, 2014. Please don't wait until the end. I would suggest that you file it as soon as you are able to do so. <u>However, don't rush to the point that you fail to complete the paperwork in a proper fashion.</u>

Reply, Ex. A, at 1 (capitalization in original) (emphasis added) (ECF No. 16, at 9). The attorney's calculation was wrong, because he did not take into account the 304 days that had passed between finality of judgment and filing of the state habeas corpus petition. Instead of having one year, as counsel stated, petitioner actually had 61 days, and effectively less than that because it probably took a few days for petitioner to receive the letter. This, alone, would not be grounds for equitable tolling. <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066-68 (9th Cir. 2002); <u>Frye v. Hickman</u>, 273 F.3d

1144, 1146 (9th Cir. 2001). However, post-conviction counsel reinforced his error by telling petitioner not to rush, when counsel needed to tell petitioner to hurry and to file something in federal court. If petitioner filed a hasty, unpolished petition, he always could have been directed to correct the errors, and any new grounds might relate back to the timely petition. However, once petitioner was late, there was nothing he could do to make the petition timely. Counsel's error justifies equitable tolling. See Spitsyn v. Moore, 345 F.3d 796, 800-01 (9th Cir. 2003).

IT IS THEREFORE ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the petition (ECF No. 14). Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then the briefing schedule of Local Rule LR 7-2 shall apply.

DATED: June 7, 2017.

_____
RICHARD F. BOULWARE, II
United States District Judge