1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                          **DISTRICT OF NEVADA**
8
9    ALLEN S. HEUSNER,
10         Petitioner,                           Case No. 2:14-cv-01119-RFB-GWF
11   vs.                                          **ORDER**
12   DWIGHT NEVEN, et al.,
13         Respondents.
14

15        Petitioner has filed an amended petition (ECF No. 22).  The court has reviewed it pursuant to
16   Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The court will
17   dismiss three grounds.  Respondents will need to respond to the rest of the grounds.

18        Grounds 16 and 26 are claims of ineffective assistance of counsel.  A petitioner claiming
19   ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell
20   below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984),
21   and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a
22   reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would
23   have been different," id. at 694.  "[T]here is no reason for a court deciding an ineffective assistance
24   claim to approach the inquiry in the same order or even to address both components of the inquiry if
25   the defendant makes an insufficient showing on one." Id. at 697.

26        In ground 16, petitioner argues that trial counsel provided ineffective assistance because trial
27   counsel did not object to the instruction that defined reasonable doubt.  Petitioner also argues that
28   appellate counsel provided ineffective assistance because on direct appeal appellate counsel did not

challenge the constitutionality of the reasonable-doubt instruction. The reasonable-doubt instruction that petitioner quotes is constitutional. Ramirez v. Hatcher, 136 F.3d 1209, 1211-15 (9th Cir. 1998). The court of appeals also has held that the issue is not worthy of a certificate of appealability. Nevius v. McDaniel, 218 F.3d 940, 944-45 (9th Cir. 2000). The lack of an objection was not deficient performance, and petitioner did not suffer prejudice. Ground 16 is without merit on its face, and the court dismisses it.

In ground 26, petitioner argues that counsel failed to challenge the validity of the Nevada Revised Statutes under the doctrine of separation of powers because in 1951 the Nevada Legislature appointed three justices of the Nevada Supreme Court to a statute revision commission. Regardless of who was on that commission, on January 25, 1957 the Nevada Legislature duly enacted the Nevada Revised Statutes as the laws of Nevada. 1957 Nev. Stat 1-4. Furthermore, the Nevada Legislature has duly amended the statutes governing arson, burglary, murder, and the use of a deadly weapon in the years since 1957.[1] The issue underlying this ground is completely without merit and is frivolous. Counsel did not perform deficiently, and petitioner suffered no prejudice, by not raising this issue before the state courts. Ground 26 is without merit on its face, and the court dismisses it.

In ground 24, petitioner attempts to incorporate his grounds in his state habeas corpus petition by reference to that petition. However, the state habeas corpus petition is not attached to the amended federal petition. Ground 24 does not present any claim, and the court dismisses it.

IT IS THEREFORE ORDERED that grounds 16, 24, and 26 of the amended petition (ECF No. 22) are **DISMISSED**.

///
///
///
///

---

[1] Petitioner is convicted of burglary with the use of a deadly weapon, first-degree murder with the use of a deadly weapon, and first-degree arson.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to answer or otherwise respond to the amended petition (ECF No. 22). Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then the briefing schedule of Local Rule LR 7-2 shall apply.

DATED: January 9, 2018

RICHARD F. BOULWARE, II
United States District Judge