# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLEN S. HEUSNER,

    Petitioner,

v.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:14-cv-01119-RFB-GWF

**ORDER**

**I. Introduction**

Before the Court are the first amended petition for a writ of habeas corpus (ECF No. 22) and respondents' motion to dismiss (ECF No. 25). Petitioner has not responded to the motion. The Court finds that petitioner has not exhausted his state-court remedies for all of his grounds for relief, and the Court grants the motion in part.

**II. Discussion**

Respondents first argue that the petition is untimely. The Court already has considered the timeliness of this action, and the Court has determined that equitable tolling was warranted. ECF No. 18. Respondents give the Court no reason to depart from its earlier ruling.

Respondents next argue that petitioner has not exhausted his state-court remedies for grounds 3-5, 8, 9, 11-15, and 17. Petitioner has not responded, and thus he consents to the granting of this part of the motion. See LR 7-2(d).

The first amended petition (ECF No. 22) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

1

Petitioner may voluntarily dismiss the unexhausted grounds 3-5, 8, 9, 11-15, and 17 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 3-5, 8, 9, 11-15, and 17, or he may move to stay this action while he returns to state court to exhaust grounds 3-5, 8, 9, 11-15, and 17. If petitioner chooses the second option, the Court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). If petitioner chooses the last option, he also will need to designate an alternative choice in case the Court declines to stay the action. Otherwise, the Court will dismiss the action.

Also before the Court are petitioner's motion for relief from judgment and or order (ECF No. 27) and respondents' opposition (ECF No. 28). Petitioner seeks reconsideration of the Court's dismissal of ground 26 (ECF No. 24). The Court denies the motion for the reasons stated in its earlier order (ECF No. 24).

### III. Conclusion

Accordingly,

**IT THEREFORE IS ORDERED** that respondents' motion to dismiss (ECF No. 25) is **GRANTED** in part with respect to grounds 3-5, 8, 9, 11-15, and 17.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (90) days from the date of entry of this order to do one of the following: (1) inform this Court in a sworn declaration that he wishes to dismiss grounds 3-5, 8, 9, 11-15, and 17 of his first amended petition (ECF No. 22), and proceed only on the remaining grounds for relief, (2) inform this Court in a sworn declaration that he wishes to dismiss his first amended petition (ECF No. 22) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 3-5, 8, 9, 11-15, and 17 of his first amended petition (ECF No. 22), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 3-5, 8, 9, 11-15, and 17 of

his first amended petition (ECF No. 22). Failure to comply may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that if petitioner elects to dismiss the aforementioned grounds of his first amended petition (ECF No. 22) and proceed on the remaining grounds, respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds. Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

**IT IS FURTHER ORDERED** that petitioner's motion for relief from judgment and or order (ECF No. 27) is DENIED.

**IT IS FURTHER ORDERED** that the Court reconsiders the petitioner's motion for appointment of counsel (ECF No. 2) and GRANTS it. The Federal Public Defender is provisionally appointed to represent petitioner.

**IT FURTHER IS ORDERED** that the Federal Public Defender shall have thirty (30) days from the date that this order is entered to undertake direct representation of petitioner or to indicate to the Court his inability to represent petitioner in these proceedings. If the Federal Public Defender does undertake representation of petitioner, he shall then have sixty (60) days to file an amended petition for a writ of habeas corpus and/or request that the Court reconsider this Order. If the Federal Public Defender is unable to represent petitioner, then the Court shall appoint alternate counsel.

DATED: September 27, 2018.

_____
RICHARD F. BOULWARE, II
United States District Judge

3