UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLEN S. HEUSNER, | Case No. 2:14-cv-01119-RFB-GWF |
| Petitioner, | ORDER |
| v. | |
| WILLIAM HUTCHINGS,[1] et. al, | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss in response to Petitioner Heusner's second amended petition for a writ of habeas corpus (ECF No. 44). ECF No. 69. Respondents argue that the petition is untimely, that Ground 6 of the petition is procedurally defaulted, and that Ground 7 is unexhausted, in part. For reasons that follow, the motion is granted in part and denied in part.

I. PROCEDURAL BACKGROUND[2]

After a trial in the Eighth Judicial District Court for Nevada, a jury found Heusner guilty of burglary while in possession of a deadly weapon, invasion of the home while in possession of a deadly weapon, first degree murder with use of a deadly weapon, and first-degree arson. The

---

[1] Because the Petitioner is currently incarcerated at the Southern Desert Correctional Center, William Hutchings, the warden of that facility, is substituted for Dwight Neven as the primary respondent in this case.

[2] The information in this section is drawn from the state court record filed at ECF No. 26 and this Court's own docket.

court sentenced Heusner to consecutive terms of twenty years to life on the murder count, and various terms of years on the remaining counts. A judgment of conviction was entered on June 18, 2008. Heusner appealed.

On May 3, 2010, the Nevada Supreme Court entered an order affirming Heusner's judgment of conviction. On June 2, 2011, Heusner filed, pro se, a habeas corpus petition in the state district court. He subsequently filed a supplement to the petition with the assistance of appointed counsel. After an evidentiary hearing and additional briefing, the court entered a decision denying relief. Heusner appealed. The Nevada Supreme Court affirmed the lower court's decision and issued a remittitur on December 12, 2013.

On February 19, 2014, Heusner filed another state habeas petition in the state district court that was denied because his allegations involved the conditions of his confinement and not the validity of his confinement. The Nevada Supreme Court denied Heusner's appeal because his claims were not cognizable in a petition for writ of habeas corpus.

Heusner initiated this federal proceeding on July 1, 2014. After resolving payment of the filing fee, this Court directed Heusner to show cause why his petition should not be dismissed as untimely. While awaiting this Court's decision on his response, Heusner filed his third state habeas petition in the state district court on December 3, 2015. The state district court dismissed the petition as procedurally-barred, and the Nevada Court of Appeals affirmed.

In June 2017, this Court determined that Heusner was entitled to equitable tolling with respect to his federal petition and issued a scheduling order. When Heusner filed a statement of additional claims, the Court directed him to file an amended petition, which he did on August 22, 2017. After screening the petition, the Court dismissed three grounds and ordered Respondents to respond to Heusner's remaining claims. Respondents filed a motion to dismiss raising timeliness and lack of exhaustion defenses. The Court rejected the former, but agreed that Heusner's petition contained several unexhausted claims.

Prior to this Court's ruling on the motion to dismiss, Heusner had filed, pro se, a petition for writ of mandamus in the state district court, which the court denied as untimely, successive, and without merit. The Nevada Court of Appeals subsequently affirmed the lower court's decision.

On April 5, 2018, Heusner filed his fifth state habeas petition in the state district court. Once again, the state district court dismissed the petition as procedurally-barred, and the Nevada Court of Appeals affirmed.

On May 8, 2019, Heusner filed, with the assistance of appointed counsel, a second amended federal petition containing seven grounds for relief. He also filed a motion for stay and abeyance so he could present a claim based on McCoy v. Louisiana, 138 S.Ct. 1500 (2018), to the state courts. This Court granted the motion. Proceedings on Heusner's state petition concluded with the Nevada Supreme Court deciding that McCoy is distinguishable from Heusner's case and declining to resolve Heusner's argument that McCoy applies retroactively. The Nevada Supreme Court's remittitur issued on April 5, 2021.

In July 2021, this Court granted Heusner's motion to reopen federal proceedings. On January 24, 2022, Respondents filed the motion to dismiss now before the Court for decision.

**II. DISCUSSION**

    **A. Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id*. Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). However, an untimely state post-conviction petition is

not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Respondents argue that Heusner's second amended petition was filed beyond the statutory time period for filing a federal habeas petition under 28 U.S.C. § 2254. Accordingly, they argue the claims in the petition must be dismissed as untimely unless Heusner can establish that they are timely filed based on another provision of the statute of limitations or that their untimeliness should be excused due to actual innocence, equitable tolling, or relation back to a prior timely-filed pleading. In response, Heusner does not dispute that his second amended petition was filed well beyond the statutory period, but he argues that Grounds 1 through 5 relate back to his initial pro se petition. He further argues that Ground 6 is timely because it was filed within one year of the Supreme Court's decision in McCoy and that Ground 7, a cumulative error claim, is timely because all his other claims are timely for the reasons stated.

For amended federal petitions filed beyond the statutory period, the Supreme Court's decision in Mayle v. Felix, 545 U.S. 644 (2005), limits a habeas petitioner's ability to have newly-added claims "relate back" to the filing of an earlier petition and, therefore, be considered timely under 28 U.S.C. § 2244(d). The Court held that an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition. Mayle, 545 U.S. at 663-64. The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence," for the purposes of Fed. R. Civ. P. 15(c), will consist of each separate set of facts that supports a ground for relief. Id. at 661. The scope of Rule 15(c) must be read in light of Habeas Rule 2(c), which "instructs petitioners to 'specify all [available] grounds for relief' and to 'state the facts supporting each ground.'" Id. (alteration in original).

### 1. Ground 1

In Ground 1, Heusner alleges a violation of his constitutional rights to due process and a fair trial due to prosecutorial misconduct. Specifically, he contends the State improperly disparaged Heusner during cross-examination and during its closing argument. ECF No. 44 at 10-

12. He also claims the prosecutor, in her closing argument, improperly injected her personal opinion about of Heusner's claim that he attempted suicide. Id. at 12-13.

Ground 1 relates back to Claim 1 in Heusner's initial pro se petition which shares a common core of operative facts. ECF No. 14 at 3-4. Thus, Ground 1 is not time-barred.

### 2. Ground 2

In Ground 2, Heusner alleges a violation of his constitutional rights due to the admission of testimony regarding his invocation of his right to remain silent after his arrest. Specifically, the State elicited this testimony during its direct examination of Officer Farage and Officer Lloyd. ECF No. 44 at 13-15. The State also informed jurors during voir dire that Heusner "had refused to talk to officers, had not asked about the victim's condition, had not exhibited any remorse, ha[d] not told anyone about his suicide attempt, and that he did not want to deal with the police after the killing." Id. at 15.

Ground 2 relates back to Claim 2 in Heusner's initial pro se petition which shares a common core of operative facts. ECF No. 14 at 7. Thus, Ground 2 is not time-barred.

### 3. Ground 3

In Ground 3, Heusner alleges a violation of his constitutional right to effective assistance of counsel because his counsel pursued a "heat a passion" defense despite overwhelming evidence, including Heusner's own testimony, that Heusner engaged in numerous calculated and deliberate actions between the initial provocation and the killing. ECF No. 44 at 16-18. Heusner concedes that he did not make these allegations in the body of his of his initial pro se federal petition, but argues that the claim relates back under Ross v. Williams, 950 F.3d 1160, 1170 (9th Cir. 2020), because state court decisions attached to his petition demonstrate that he attempted to advance the operative facts of the claim.

Heusner is correct that attachments to a timely petition can provide the necessary facts to support relation back, but the petition itself must at least identify specific grounds for relief to which the facts relate. Ross, 950 F.3d at 1167. ("If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that

provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back."). Even under Ross, facts contained in attachments to the initial petition cannot provide the basis for relation back if they are not related to grounds for relief asserted within the timely petition. Id. at 1168 ("If an exhibit to the original petition includes facts unrelated to the grounds for relief asserted in that petition, those facts were not 'attempted to be set out' in that petition and cannot form a basis for relation back.").

That is the case here, as the relevant facts in the state court decisions do not relate to a ground for relief within Heusner's initial petition.[3] Consequently, Ground 3 does not relate back and is, therefore, time-barred.

### 4. Ground 4

In Ground 4, Heusner alleges a violation of his constitutional right to effective assistance of counsel because counsel conceded that Heusner was guilty of voluntary manslaughter without his consent. ECF No. 44 at 19-21. Heusner raises the same relation back argument for this claim that he does for Ground 3. So, Ground 4 is also time-barred for the same reasons Ground 3 is time-barred.

### 5. Ground 5

In Ground 5, Heusner alleges a violation of his constitutional right to effective assistance of counsel because counsel allowed crime scene investigator Marion Brady, a lay witness, to testify as a "blood spatter" expert without objection. ECF No. 44 at 21-27. Here again, Heusner raises the same relation back argument for this claim that he does for Grounds 3 and 4. So, Ground 5 is also time-barred for the same reasons Grounds 3 and 4 are time-barred.

### 6. Ground 6

In Ground 6, Heusner alleges that his constitutional right to secured autonomy was violated when his counsel contradicted Heusner's chosen defense and effectively conceded Heusner's guilt

---

[3] The Court's noncapital Section 2254 habeas petition form and the instructions direct the petitioner to attach to his petition a copy of all state court written decisions regarding his conviction. https://www.nvd.uscourts.gov/wp-content/uploads/2017/08/2254-Habeas-Petition-NOT-Sentenced-to-Death-Packet.pdf.

in opening and closing argument. ECF No. 44 at 27-29. As mentioned above, Heusner argues Ground 6 is timely because he filed his second amended petition within one year of the date of the decision in McCoy, which the Supreme Court issued on May 14, 2018.

Under 28 U.S.C. § 2244(d)(1)(C), a claim based on a newly recognized constitutional right is timely if it is filed within one year of the date the right is first recognized by the United States Supreme Court and made retroactive to cases on collateral review. While the date the Supreme Court announces the new rule is the operative date, a petitioner may take advantage of § 2244(d)(1)(C) only if the rule is made retroactive to cases on collateral review by the Supreme Court. Dodd v. United States, 545 U.S. 353, 359-60 (2005). This Court is unaware of any United States Supreme Court case making McCoy retroactive to cases on collateral review, and Heusner has not pointed to any such authority. Accordingly, Heusner is not entitled to the later start date of the statute of limitations provided by § 2244(d)(1)(C). Ground 6 is dismissed as time-barred.

### 7. Ground 7

In Ground 7, Heusner alleges that the cumulative effect of the errors raised in his petition entitles him to habeas relief. ECF No. 44 at 29-30. Respondents argue that this claim is time-barred to the extent it incorporates claims that were not timely-filed. The Court agrees and will consider only timely claims in assessing the cumulative impact of any constitutional errors.

### B. Procedural Default

A federal court will not review a claim for habeas corpus relief if the state court's dismissal of the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991).

The Coleman Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. Id. at 729–30; McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir.1995), cert. denied, 517 U.S. 1150 (1996). The state rule cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." Calderon v. United States Dist. Court for the E. Dist. of Cal., 96 F.3d 1126, 1129 (9th Cir.1996).

Respondents argue that Ground 6 is barred by the procedural default doctrine because the Nevada Supreme Court determined that the claim was barred as untimely under Nev. Rev. Stat. § 34.726 and successive under Nev. Rev. Stat. § 34.810. Heusner does not dispute that the Nevada Supreme Court dismissed the ground pursuant to an independent and adequate state procedural rule. He contends, however, that he can demonstrate cause and prejudice to overcome his default.

As for cause, Heusner again relies on the fact the McCoy was not issued until May 2018. So, according to Heusner, the claim alleged in Ground 6 was not available to him prior to that date. Assuming that is the case, however, Heusner cannot meet the prejudice requirement.

Heusner argues he can meet the requirement because "Ground 6 is substantial enough to satisfy the low threshold of prejudice under Martinez," referring to the Supreme Court's decision in Martinez v. Ryan, 566 U.S. 1 (2012). ECF No. 74 at 14. Martinez applies when a petitioner is claiming ineffective assistance of post-conviction counsel in his or her initial-review collateral proceeding as the cause for a default. 566 U.S. at 14. That is not, however, what Heusner is advancing as cause in this case. Indeed, Heusner could hardly argue that post-conviction counsel was ineffective for not raising a claim that, according to Heusner, was not yet available.

Instead, Heusner must demonstrate actual prejudice to avoid the enforcement of the procedural default. See Coleman, 501 U.S. at 750. That is, he "must show not merely that the errors ... created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (internal quotations omitted). This he cannot do.

The Court in McCoy held that it is a violation of a defendant's rights under the Sixth Amendment when his attorney overrides his autonomy to decide the objective of the defense. McCoy, 138 S. Ct. at 1508. The Court took care to distinguish, however, between cases in which the defendant asserts a desired defense objective and those in which a client declines to participate in his defense. Id. at 1509. In the latter circumstances, "an attorney may permissibly guide the defense pursuant to the strategy she believes to be in the defendant's best interests." Id. Based on Heusner's own testimony in his first state post-conviction proceeding, that is what occurred in this case.[4] In the absence of evidence that Heusner's attorneys defied his expressed defense objectives, he cannot show actual prejudice resulting from his default of Ground 6.

Thus, in addition to being time-barred, Ground 6 is also barred by the doctrine of procedural default.

### C. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). Respondents argue that Heusner's cumulative error claim (Ground 7) is unexhausted to the extent it incorporates Ground 6 because Ground 6 was not included in the cumulative error arguments he made in state court. Because Ground 6 is both untimely and procedurally defaulted, it is excluded from any cumulative error analysis this Court might conduct.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' motion to dismiss (ECF No. 69) is GRANTED in part and DENED in part. Grounds 3, 4, 5, and 6 of Petitioner's second amended habeas petition (ECF No. 44) are dismissed. Ground 7 is limited to the Court's consideration of Grounds 1 and 2.

---

[4] For example, the judge asked Heusner if he remembered telling his lawyers that he wanted to assert self-defense as his defense. ECF No. 26-74 at 49-50. He responded in the negative and said that he trusted that his attorneys were giving him the best advice and that, even after he testified at trial, he does not remember asking them to change course. Id.

1    **IT IS FURTHER ORDERED** that Respondents have 60 days from the date of entry of this order to file an answer to the remaining grounds for relief in the petition. Petitioner shall have 60 days from the date on which the answer is served on him to file and serve a reply.

Dated: January 23, 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE